# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-0773 FMO (GJSx) | Date | April 10, 2017 |
|---|---|---|---|

| Title | Alfreda Gleicher v. Hartford Underwriters Insurance Company, et al. |
|---|---|

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order Remanding Action**

## BACKGROUND

On September 9, 2016, Alfreda Gleicher, as Trustee of the Williams Trust, dated November 6, 1991 ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Hartford Underwriters Insurance Company ("Hartford"), Christian Julian Alexander ("Alexander") and Audrey Angelica Cavencia ("Cavencia" and together with Alexander, "Individual Defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Complaint; Dkt. 1-1, Amendment to Complaint ("Amendment") at ECF 49). The Complaint asserts five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) elder abuse; (4) negligence; and (5) negligent entrustment. (See Dkt. 1-1, Complaint at ¶¶ 55-100). The first three claims are asserted against Hartford, the fourth against Alexander, and the fifth claim against Cavencia. (See id.). Plaintiff alleges that Norma Williams ("Williams"), who was the trustor, and before her death, the trustee of the Williams Trust, dated November 6, 1991, purchased an insurance policy from Hartford that insured her property, located on Penmar Street in Los Angeles, California. (See id. at ¶ 8).

On September 11, 2014, an automobile being driven at an unsafe speed by an intoxicated Alexander, "collided into the front of the Property in which [] Williams was residing and present, causing the destruction of a substantial portion of the Property and substantial damage to the remaining portions of the Property." (Dkt. 1-1, Complaint at ¶ 13). The damage to the property was extensive. Among other things, the "house shifted on the foundation, became unlevel and unsafe and the heat was disconnected because the impact of the vehicle striking the house was so significant that it substantially disturbed the gas feed to the heater." (Id. at ¶ 16). Asbestos was released into the air because the "original ducting was disturbed" and cracks appeared in walls and ceilings. (See id.). The damage rendered the home "unsafe to reside in." (Id. at ¶ 18).

Williams passed away on November 4, 2014, due to complications caused by "COPD which, on information and belief, were exacerbated by the manner in which Hartford mishandled the claim." (Dkt. 1-1, Complaint at ¶ 22). Following Williams's death, Gleicher became successor trustee and pursued the claim with Hartford, which continued "its unreasonable claims handling

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-0773 FMO (GJSx)** | Date | **April 10, 2017** |
|----------|---------------------------|------|--------------------|

| Title | **Alfreda Gleicher v. Hartford Underwriters Insurance Company, et al.** |
|-------|--------------------------------------------------------------------------|

practices."  (Id. at ¶ 23).  According to plaintiff, although Williams timely reported the accident to Hartford, (see id. at ¶ 17), Hartford failed to address the extensive damage, and instead "took the position that it would pay only to repair localized damage." (Id. at ¶¶ 19-20).  Hartford also "acted unreasonably with respect to obvious damage."  (Id. at ¶ 21).  For instance, as of the death of Williams, Hartford had made no effort to remove the debris that had been piled in front of the house; did not put up a proper vapor barrier and instead "caused a sheet of plywood to be installed over the front of the house that allowed light and air into the house, [even though] Hartford knew the house was inhabited by an elder who had no heat and who was suffering from dementia and other ailments."  (Id.).  Plaintiff alleges that "Hartford's adjuster mocked and made fun of [] Williams' mental condition when she described the conditions she was living in and questioned Hartford's adjustment of claims."  (Id.).

On January 31, 2107, Hartford removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.  (See Dkt. 1, NOR at ¶ 3).  Plaintiff filed a Motion to Remand (Dkt. 11, "Motion"), which Hartford opposed by referring to its briefing on its pending motion to sever.   (See Dkt. 17, Defendant Hartford Underwriters Insurance Company's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-0773 FMO (GJSx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **Alfreda Gleicher v. Hartford Underwriters Insurance Company, et al.** | | |

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

I.     SUBJECT MATTER JURISDICTION.

Having reviewed the NOR and the briefing on the Motion, the court is persuaded that it lacks subject matter jurisdiction over the instant matter.[1]  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Here, plaintiff appears to be a citizen of California.  (See Dkt. 1-1, Complaint at ¶ 1).  Hartford has shown that it is a citizen of Connecticut.  (See Dkt. 1, NOR at ¶ 5).  However, the Individual Defendants appear to be citizens of California.  (See Dkt. 1-1, Complaint at ¶¶ 4-5; Dkt. 1-1, Amendment; Dkt. 1, NOR at ¶ 7) (failing to challenge allegations that Individual Defendants are residents of California).  Hartford contends, however, that the Individual Defendants are "procedurally misjoined" under Rule 20(a) of the Federal Rules of Civil Procedure, and their citizenship must therefore be disregarded.  (See Dkt. 1, NOR at ¶ 7).  Hartford's contentions are unpersuasive.

"While fraudulent joinder is a well-established exception to the complete-diversity rule, the doctrine of procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction[.]"  Early v. Northrop Grumman Corp., 2013 WL 3872218, *2 (C.D. Cal. 2013) (explaining that fraudulent misjoinder was first articulated by the Fifth Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)).  In 2001, the Ninth Circuit acknowledged the doctrine of procedural misjoinder, see Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc., 24 Fed. App'x 727, 729 (9th Cir. 2001) (assuming "without deciding, that this circuit would

---

[1]  Hartford seeks only to invoke the court's diversity jurisdiction.  (See, generally, Dkt. 1, NOR).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0773 FMO (GJSx) | Date | **April 10, 2017** |
|---|---|---|---|

| Title | **Alfreda Gleicher v. Hartford Underwriters Insurance Company, et al.** |
|---|---|

accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs[,]" and holding that the doctrine did not apply in that case), but has not adopted it. See Thee Sombrero, Inc. v. Murphy, 2015 WL 4399631, *3 (C.D. Cal. 2015) ("The Ninth Circuit does not recognize the doctrine of fraudulent misjoinder."); Jurin v. Transamerica Life Ins. Co., 2014 WL 4364901, *3 (N.D. Cal. 2014) ("The Ninth Circuit has not adopted, approved, nor applied, the theory of fraudulent misjoinder upon which [defendant] relies.") (internal quotation marks omitted). Moreover, district courts in this Circuit have overwhelmingly rejected the doctrine. See Thee Sombrero, 2015 WL 4399631, at *4 ("Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, no court in the Central District of California that this Court is aware of has adopted it, and district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine[.]") (footnotes and internal quotation marks omitted)[2]; Dekalb v. C.R. Bard, Inc., 2013 WL 12146518, *4 (C.D. Cal. 2013) (collecting cases).

Consistent with the overwhelming rejection of the procedural misjoinder doctrine in this District, this court also declines to adopt it. First, as courts have recognized, "[i]t is axiomatic that removal under § 1441 should be narrowly construed and that any doubts are resolved in favor of remand[, however f]raudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be, effectively increasing the jurisdiction of federal courts beyond what the rules envision." Early, 2013 WL 3872218, at *3 (citation omitted); see also Thee Sombrero, 2015 WL 4399631, at *4 (same); J.T. Associates, LLC v. Fairfield Dev., L.P., 2016 WL 1252612, *3 (N.D. Cal. 2016) (same).

Second, fraudulent joinder requires severance of the non-diverse defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure. See Thee Sombrero, 2015 WL 4399631, at *4; (see also Dkt. 7-1, Mot. to Sever) (seeking severance of the Individual Defendants). But Rule 20 "presumes the Court has jurisdiction to act[, and thus it] makes little sense for a court first to sever part of the case under Rule 20, and only then find it has jurisdiction." Thee Sombrero, 2015 WL 4399631, at *4 (internal citations and quotation marks omitted).

Finally, "courts have recognized the need for simple and precise jurisdictional rules to spare judges and lawyers from wasted time and resources and that enormous judicial confusion has followed in the . . . years since Tapscott was decided." J.T. Associates, 2016 WL 1252612, at *3 (internal quotation marks omitted); see Thee Sombrero, 2015 WL 4399631, at *5 (same).

---

[2]  The court in Thee Sombrero noted two courts in the Ninth Circuit that have applied the doctrine of fraudulent misjoinder, Sutton v. Davol, Inc., 251 F.R.D. 500, 505 (E.D. Cal. 2008) and Greene v. Wyeth, 344 F.Supp.2d 674, 685 (D. Nev. 2004). See 2015 WL 4399631, at *4 n. 4. Hartford identifies a third, Anglada v. Bank of Am. Corp., 2011 WL 5196710 (D. Nev. 2011). (See Dkt. 7-1, Defendant Hartford Underwriters Insurance Company's Memorandum of Points and Authorities in Support of Motion to Sever and Remand the Claims Against Misjoined Defendants Christian Julian Alexander and Audrey Angela Alexander ("Mot. to Sever" at 6-7). However, the court finds the reasoning of the majority of cases in this District more persuasive.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0773 FMO (GJSx) | Date | April 10, 2017 |
|----------|------------------------|------|----------------|
| Title | Alfreda Gleicher v. Hartford Underwriters Insurance Company, et al. | | |

Adopting procedural misjoinder, which involves highly discretionary determinations, would "require already overwhelmed district courts to make discretionary jurisdictional decisions, resulting in confusion to litigants and wasted resources." Thee Sombrero, 2015 WL 4399631, at *5.

In short, the court declines to adopt the doctrine of procedural misjoinder, and accordingly, finds that it lacks subject matter jurisdiction over this matter.

II.    COSTS AND FEES.

Plaintiff seeks an award of attorney's fees and costs in connection with her Motion. (See Dkt. 11, Motion at 23). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711) (2005). Here, the court finds that defendant did not lack an objectively reasonable basis for removal.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 11)** is **granted in part** and **denied in part**. The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiff seeks fees and costs.

2. All pending motions and defaults are vacated. Defendants may re-file vacated motions in the state court pursuant to state-court procedures.

3. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

4. The Clerk shall send a certified copy of this Order to the state court.

| 00 | : | 00 |
|----|---|----|

Initials of Preparer          vdr